**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                          :
WILLIAM FITZPATRICK,                      :
                                          :   Civil Action No.
            Plaintiff,                    :   13-0580 (WJM)
                                          :
      v.                                  :
                                          :
BERGEN COUNTY et al.,                     :   **MEMORANDUM OPINION**
                                          :   **AND ORDER**
            Defendants.                   :
_____:

   Presently before the Court is Plaintiff's complaint, submitted pursuant to 42 U.S.C. § 1983, see Docket Entry No. 1, which arrived accompanied by Plaintiff's application to proceed in this matter in forma pauperis, see Docket Entries Nos. 1-1 and 1-2, and it appearing that:

1. Plaintiff is a convicted state prisoner. See https://www6.state.nj.us/DOC_Inmate/details?x=1060584&n=0 (indicating that, on July 20, 2012, Plaintiff was sentenced to the maximum period of eighteen months upon being convicted of terroristic threats). He asserts that, during his pre-sentencing period and the first six post-sentencing days, he was confined at the Bergen County Jail ("Jail"). See Docket Entry No. 1, at 4 and 17 (alleging, albeit inconsistently, that his Jail confinement lasted either from March 7, 2012, to July 26, 2012, or from July 7, 2012, to July 26, 2012). Plaintiff maintains that – during his Jail time – he was

    denied access to the Jail's law library and submitted two grievances asserting such denial, but the grievances yielded no response.  See, generally, Docket Entry No. 1.[1]  Naming the county, the county's executive and freeholders, the Jail, the local sheriff's department, the Jail's warden, an identified and unidentified supervising librarians and a certain Jail's officer as Defendants in this matter, Plaintiff maintains that these individuals are liable to him for the alleged denial and not responding to his grievances; he is seeking ten million dollars in compensatory and twenty million in punitive damages from each Defendant.  See id.

2.    Plaintiff's claims against the Jail and sheriff's department are subject to dismissal with prejudice since these entities are not "persons" amenable to Section 1983 suit.  See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); see also Harper v. Franklin & Marshall College, 2011 U.S. Dist. LEXIS 34298, at *11-12 (E.D. Pa. Mar. 30, 2011); Jones v. Vineland Police Dep't, 2011 U.S. Dist. LEXIS 19671, at *9 (D.N.J. Feb. 28, 2011).

3.    Plaintiff's claims against the county, its executive and freeholders, and the warden are based expressly and solely on the theory of respondeat superior.  Therefore, these

---

[1] Plaintiff did not specify whether he was completely denied access to the law library or was allowed a restricted access.

    claims are too subject to dismissal with prejudice. See Iqbal, 129 S. Ct. at 1949-54; Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

4. Finally, Plaintiff's claims against one identified and one unidentified supervising librarians and a Jail's officer also appear to be based solely on the supervisory positions of these individuals. However: (a) in light of the possibility that the supervising librarians and the officer might have been personally involved in denying Plaintiff access to the Jail's law library; and (b) being mindful of Plaintiff's pro se litigant status, the Court finds it prudent to allow Plaintiff an opportunity to re-plead his claims against these three Defendants.

5. In connection with granting Plaintiff said narrow leave, the Court finds it warranted to summarize for Plaintiff the relevant substantive test. In Bounds v. Smith, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist

inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977).  However, the right of access to the courts is not unlimited.  "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis removed).  Thus, to state a cognizable access claim, a complainant must demonstrate that: (1) he suffered an "actual injury" (i.e., that he lost an opportunity to pursue a non-frivolous claim); and (2) he has no other remedy, save the present civil rights suit, that can possibly compensate for the lost claim. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).  Hence, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Id. at 205-06 (citing Christopher v. Harbury, 536 U.S. 403, 416-17 (2002)); see also Lewis, 518 U.S. at 348-51, 354-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997); Hoffenberg v.

Bumb, 446 F. App'x 394 (3d Cir. June 9, 2011). Therefore, in the event Plaintiff elects to re-plead his access claims against the supervising librarian(s) and/or the Jail's officer, he must carefully detail the exact non-frivolous claim (challenging his conviction/sentence or his conditions of confinement) he lost and, in addition, explain: (a) how the lack of access to the Jail's library caused him loss of that claim;[2] (b) why, short of the instant matter, Plaintiff is and was stripped of all means to obtain remedy on the basis of that claim; and (c) the actual actions undertaken by each individual Defendant that caused him such loss.[3]

6. Plaintiff shall not reassert his claim that his rights were violated by the prison officials' alleged failure to respond to his grievances. It is well established that "[p]risoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights," Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997), and a failure to respond to an inmate's grievances "does not violate his rights to due

---

[2] In conjunction with this aspect, Plaintiff must detail what exact access to the law library, if any, he was allowed.

[3] Since the period at issue appears to coincide with Plaintiff's pre-trial or at-trial or pre-sentencing periods, Plaintiff must also detail why his allegedly lost non-frivolous claim could not have been raised by his defense counsel during the trial, the sentencing proceeding and during his appeal.

process and is not actionable." Stringer v. Bureau of Prisons, 145 F. App'x 751, 753 (3d Cir. 2005) (citing Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)).

IT IS, therefore, on this 26th day of February, 2013,

ORDERED that Plaintiff's application to proceed in this matter in forma pauperis is granted; and it is further

ORDERED that the Clerk shall file Plaintiff's complaint, Docket Entry No. 1; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall forward, by regular mail, a copy of this Memorandum Opinion and Order to the Attorney General for the State of New Jersey and the warden of the place of Plaintiff's current confinement; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee and, when funds exist, the agency having custody of Plaintiff shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk of the Court; and it is finally

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount

in Plaintiff's prison account exceeds $10.00, the agency having custody of the plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is further

ORDERED that Plaintiff's complaint, Docket Entry No. 1, is dismissed.  Such dismissal is with prejudice as to all Defendants except for the identified and the unidentified supervising librarians (Breeden and Doe) and the correctional officer (Davis), and the Clerk shall terminate all other persons and entities as Defendants in this matter; and it is further

ORDERED that all Plaintiff's claims against the remaining three Defendants asserting challenges other than the access claim are dismissed with prejudice; and it is further

ORDERED that Plaintiff's access claim against the remaining three Defendants are dismissed without prejudice; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is further

ORDERED that administrative termination is not a final dismissal on merits, and this Court does not withdraw its jurisdiction over this matter; and it is further

ORDERED that Plaintiff may have this matter reopened if he submits his amended pleading executed in compliance with the guidance provided herein; and it is further

ORDERED that, in the event Plaintiff submits his amended pleading within forty five days from the date of entry of this Memorandum Opinion and Order, the Court will direct the Clerk to reopen this matter and will screen Plaintiff's amended pleading for <u>sua sponte</u> dismissal on merits; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by certified mail, return receipt requested, and include in said mailing a blank civil complaint form.

                                              s/William J. Martini

                                **William J. Martini**
                      **United States District Judge**